*J. M. Tyler for appellant. Halsell & Mitchell, for appellee.*

---

LAURA MALONE, ET AL. *v.* R. W. RAY'S EX'R.

**Advancements.**

> An ancestor can neither charge that as an advancement which in law is not an advancement, nor exempt a descendant from being charged with that which in law is an advancement, except by disposing of his entire estate leaving nothing upon which the court can operate to secure equality among his representatives.

APPEAL FROM MARION COURT OF COMMON PLEAS.

October 11, 1879.

OPINION BY JUDGE COFER:

It was settled by the former opinion that Mrs. Malone was not chargeable with the $800 mentioned in the deed from her father to her. But it is insisted that, as she is charged in the will with $2,400, she was rightly charged with that sum because the will so directed,. and that this aspect of the question was not before this court on the former appeal. We incline to the opinion that in this counsel are: in error, but waiving that question, we are of the opinion that with the will and all the facts now in the record before us, she cannot be· charged with more than $1,600 as advancements.

Whether a given thing was an advancement was formerly a ·mere· question with the ancestor, but it is now matter of law, and generally it is now wholly immaterial whether the ancestor designed a particular item to be charged as an advancement or not, for the court will look at the facts and decide whether there has been an advancement, and the amount to be charged to the descendant for advancements made.

It has been held that an ancestor can neither charge that as an. advancement which in law is not an advancement, nor exempt a descendant from being charged with that which·is in law an advancement, except by disposing of his whole estate. so as to leave nothing upon which the court can operate to secure equality among his representatives. *Clarke v. Clark,* 17 B. Mon. 698; *Ford v. Thompson,* 1 Met. 580; *Bowles v. Winchester,* 13 Bush 1.

The facts in the record show that the $800 intended to be advance in the land are included in the $2,400, with which ʾthe testator directed Mrs. Malone to be charged. She did not get that sum, and consequently it appears that she only received $1,600 instead of $2,400. Again, as it appears that the $800 given in the land are included in the sum mentioned in the will as having been advanced to her, she would be entitled to that sum out of the proceeds of the land if she was charged with it as an advancement. But as the estate is solvent it is immaterial in what way .the result is reached. Whether she be charged with the $800 as an advancement, and the whole proceeds of the land goes to the fund for distribution, or she receives the advancement out of the land, can make no difference. But it is perhaps the more consistent with legal principles to reject so much of the advancement charged in the will as she did not receive and to allow the whole proceeds of the land to be distributed under the will.

In either view the court erred, and the judgment must be reversed and the cause remanded with directions to charge Mrs. Malone with only $1,600 as an advancement. No cross-appeal has been prosecuted, and we cannot consider the question whether the matter of rents and improvements was properly disposed of.

*Russell & Arritt, for appellants.*
*R. H. Rountree, J. P. Thompson, for appellee.*